**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ROY WEEKES,

      Plaintiff,

                                         Case No.:

v.

JETBLUE   AIRWAYS   CORPORATION,
FRANK AYALA and WARREN GREEN, in
official and individual capacities, and JOHN
DOE and JANE DOE, individually,

      Defendants.

_____/

## DEFENDANTS' NOTICE OF REMOVAL

      Defendants JetBlue Airways Corporation ("JetBlue"), Frank Ayala ("Mr. Ayala"),

Warren Green ("Mr. Green") (collectively, "Defendants"), by and through their undersigned

counsel, hereby respectfully submit this Notice of Removal to remove the above-captioned civil

action, and all claims and causes of action therein, from the Supreme Court of New York, Kings

County, to the United States District Court for the Eastern District of New York.  This action is

removable pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  In support thereof, JetBlue

respectfully states as follows:

**I.**       **State Court Action**

      On or about November 24, 2020, Plaintiff Roy Weekes ("Plaintiff") commenced a civil

action against JetBlue in the Supreme Court of New York, Kings County, bearing Index No.:

523549/2020 (the "State Court Action").  *See* **Exhibit A** attached hereto, reflect all process,

pleadings, orders, other papers or exhibits purportedly served on JetBlue in this action.

      In his Complaint, Plaintiff purports to assert claims of employment discrimination and/or

retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination

in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and New York State common law.

A copy of the Summons and Complaint in connection with the State Court Action were purportedly first served on JetBlue on March 15, 2021; on Mr. Ayala on March 22, 2021; and on Mr. Green on March 23, 2021. *See* **Exhibits B, C, D, E, and F** attached hereto, which are the affidavits of service filed by Plaintiff that purport to show service of the Summons and Complaint on Defendants by various means.[1]

Defendants have not served any answer or responsive pleading to the Complaint. Defendants have not otherwise made any argument in the State Court Action. Rather, Defendants' only filing in the State Court action is the undersigned's notice of appearance. *See* **Exhibit G**, which is the undersigned's notice of appearance, dated April 12, 2021, on behalf of Defendants. Together, the documents contained in Exhibits A through G represent all documents currently on file in the Supreme Court of New York, Kings County. Indeed, according to the docket as reflected on the New York State Courts Electronic Filing ("NYSCEF") system, no further proceedings have occurred in the State Court Action.  *See* **Exhibit H** attached hereto, which reflects the NYSCEF docket as of today's date.

In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after Plaintiff purportedly served Defendants with a copy of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.[2]  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999).

---

[1] It is unclear why Plaintiff attempted to serve Defendants in so many different ways.

[2] For the purposes of removal only, Defendants assume service was sufficient to trigger their obligation to remove under 28 U.S.C. § 1446(b), but do not otherwise concede that service was proper or waive any other defenses, whether under Fed. R. Civ. P. 12(b) or otherwise.

## II.     Federal Jurisdiction

### A.     Federal Question Jurisdiction

Under federal question jurisdiction, the United States district courts "have original jurisdiction over all civil actions arising under" federal law.  *See* 28 U.S.C. §1331.  In his Complaint, Plaintiff asserts claims and seeks damages pursuant to Title VII, *see* Complaint ("Compl."), at ¶¶ 158-165; the ADEA, *see* Compl., at ¶¶ 166-170; and the ADA, *see* Compl., at ¶¶ 206-225.  Title VII, the ADEA, and the ADA are laws of the United States, and consequently, this Court has federal question jurisdiction over Plaintiff's Title VII, ADEA, and ADA claims.

### B.     Amount in Controversy

The amount in controversy exceeds $75,000 in that the Plaintiff purports to seek, *inter alia*, back pay; compensatory damages for his alleged emotional distress; punitive damages; and attorneys' fees and costs.[3]  *See* Compl. at p. 18 (Wherefore Clause).

Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims will exceed $75,000.  *See Ameer v. Fleet Mech. Sys.*, No. 18 CIV. 7655, 2019 WL 1949858, at *2 (S.D.N.Y. Apr. 17, 2019) ("Where, as here, a party invokes jurisdiction under the federal diversity statute … 'the party invoking federal jurisdiction must show by a reasonable probability that the amount-in-controversy requirement is satisfied.'") (internal citations and quotations omitted). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Deutsch v. Hewes Street Realty Corp.*, 359

---

[3] Plaintiff also purports to seek liquidated damages pursuant to 29 U.S.C. § 2617(a), but does not otherwise assert a claim under the Family and Medical Leave Act of 1993. *See* Compl. at p. 18 (Wherefore Clause). This language therefore appears to have been inserted in error.

F.2d 96, 100 (2d Cir. 1966).  Here, the amount in controversy in the instant case is more likely than not to exceed the amount-in-controversy requirement.[4]

*First*, Plaintiff's alleged back pay damages to date are approximately $70,000. Specifically, in connection with his employment at JetBlue, Plaintiff earned $40,028.91 in gross pay in 2019 (during which he worked less than 10 months before he was suspended in October 2019 and terminated in November 2019); $46,117.08 in gross pay in 2018; and $40,901.44 in gross pay in 2017. *See* Declaration of Devina Dewnarayan ("Dewnarayan Decl."), ¶¶ 9-10. Further, Plaintiff's rate of pay at the time of his termination in November 2019 was $26.00 per hour. *See id.* at ¶ 11. Accordingly, Plaintiff was earning over $4,000 per month at the time of his termination. Given that he was terminated over 17 months ago, his unmitigated back pay damages are approximately $70,000. These back pay damages will increase as this litigation proceeds, assuming Plaintiff has not yet obtained employment elsewhere, or if he obtains alternative employment at a lower rate of pay.

Additionally, Plaintiff is seeking emotional distress damages. Emotional distress damages may be considered when calculating the amount in controversy.  *See Tayor v. Medtronic. Inc.*, Case No.: 18 Civ. 1201, 2020 WL 886118 (N.D.N.Y. Feb. 24, 2020) (considering plaintiff's damages relating to his emotional distress to satisfy the amount in controversy requirement); *see also Olsen v. Cty. of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009) ("'Garden variety' emotional distress claims 'generally merit $30,000 to $125,000 awards.') (internal citations omitted).

---

[4] By estimating the amount Plaintiff may recover if he prevails, JetBlue does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. JetBlue reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

Finally, Plaintiff seeks attorney's fees, which may also be considered to satisfy the amount-in-controversy requirement. *See Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 298 (E.D.N.Y. 2005); *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, 166 F. Supp. 2d 740, 755 (E.D.N.Y. 2001).

Thus, based on a conservative, good faith estimate of the value of the claims asserted in this action, Plaintiff seeks recovery in excess of $75,000.

### C.     Supplemental Jurisdiction

This Court also has jurisdiction over Plaintiff's state law claims, brought pursuant to the NYSHRL, *see* Compl., at ¶¶ 171-183; the NYCHRL, *see* Compl. at ¶¶ 184-205; and the common law of tort, *see* Compl. at ¶¶ 226-228.  Where a removable claim or cause of action is joined with one or more otherwise non-removable claims for causes of action, "the entire case may be removed" and the district court may determine all issues therein.  *See* 28 U.S.C. § 1441(c). Accordingly, this action is removable in its entirety to this Court pursuant to the provisions of 28 U.S.C. § 1441.

### III.     Venue

The United States District Court for the Eastern District of New York includes the county in which Plaintiff filed his Complaint.  Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

### IV.     Timeliness Of Removal

Plaintiff purported served the Summons and Complaint on (i) JetBlue by delivering the papers to the Secretary of State of the State of New York on March 15, 2021, *see* Ex. B; (ii) JetBlue by delivering the papers to JetBlue's principal place of business on March 23, 2021, *see* Ex. C; (iii) Mr. Ayala by personal service on March 22, 2021, *see* Ex. D (iv) Mr. Ayala by

delivering the papers to JetBlue's principal place of business and mailing the papers to JetBlue's principal place of business on March 23, 2021, *see* Ex. E; and (iv) Mr. Green by delivering by delivering the papers to JetBlue's principal place of business and mailing the papers to JetBlue's principal place of business on March 23, 2021, *see* Ex. F. Accordingly, this Notice of Removal has been filed within thirty (30) days after Plaintiff purportedly served Defendants with the Complaint and is thus timely under 28 U.S.C. § 1446(b).  No previous Notice of Removal has been filed or made with this Court.

**V.**     **Compliance**

Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of New York, Kings County, where this action is pending and will serve such notice on Plaintiff in compliance with 28 U.S.C. § 1446(d).

**VI.**     **Relief Requested**

Defendants respectfully request that the United State District Court for the Eastern District of New York accept this Notice of Removal, and that it assume jurisdiction of this cause of action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Dated:  April 12, 2021

Respectfully submitted,

 */s/ Raymond J. Berti*
Raymond J. Berti
AKERMAN LLP
*Attorneys for Defendants*
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
Tel: (212) 880-3800
raymond.berti@akerman.com

6

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing Notice of Removal and supporting papers was mailed or electronically delivered on April 12, 2021 to Plaintiff's counsel of record:

Tisha Jackson, Esq.
Law Office of Tisha Jackson
1115 Broadway, 12th Fl.
New York, NY 10010
(212) 710-2651
jacksonlawnyc@gmail.com

*/s/ Raymond J. Berti*
Raymond J. Berti
