# Exhibit A

Case 1:21-cv-01965-MKB-PK    Document 1-1    Filed 04/12/21    Page 2 of 23 PageID #: 9

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

| | | | |
|---|---|---|---|
| ROY WEEKES | | ) | Index No. |
| | Plaintiff | ) | Date Purchased: |
| v. | | ) | |
| JETBLUE AIRWAYS CORPORATION, | | ) | |
| FRANK AYALA, in official and individual capacities | | ) | **SUMMONS** |
| WARREN GREEN, in official and individual capacities | | ) | |
| JOHN DOE and JANE DOE, individually | Defendant(s). ) | | Plaintiff designates Kings County as the place of trial. The basis of venue is pursuant to Plaintiff's residence. |

## TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).

**YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: November 24, 2020
New York, New York

**LAW OFFICE OF TISHA JACKSON**
*Attorney for Plaintiff*

By: _____

Tisha Jackson, Esq.
1115 Broadway, 12th Fl.,
New York, NY 10010
Tel:(212) 710-2651
Email:jacksonlawnyc@gmail.com

Defendants' Addresses:
TO: JetBlue Airways Corporation
27-01 Queens Plaza North
Long Island City, NY 11101
        -and-
~Via Secretary of State~

Frank Ayala
Warren Green
~Via Defendants' Place of Business:
27-01 Queens Plaza North
Long Island City, NY 11101

Case 1:21-cv-01965-MKB-PK Document 1-1 Filed 04/12/21 Page 3 of 23 PageID #: 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS COUNTY

-------------------------------------------------------------X

ROY WEEKES,

Index No.:

Plaintiff,

v.                                                          **COMPLAINT**

**JURY TRIAL DEMANDED**

JETBLUE AIRWAYS CORPORATION,
FRANK AYALA and WARREN GREEN,
in official and individual capacities, and
JOHN DOE and JANE DOE, individually

Defendants.

-------------------------------------------------------------X

Plaintiff, Roy Weekes, by and through his attorneys, Law Office of Tisha Jackson, upon and information and belief, alleges and complains as follows:

## INTRODUCTION

1. Plaintiff, Roy Weekes, ("Weekes" or "Plaintiff") brings this action against Defendants, JetBlue Airways Corporation, ("Defendant JetBlue" or "JetBlue"), Frank Ayala ("Defendant Ayala" or "Ayala"), and Warren Green ("Defendant Green" or "Green") (collectively referred to herein as the "Defendants") for wrongful termination and unlawful discrimination in Plaintiff's compensation, as well as in his terms, conditions, and privileges of employment, based on Plaintiff's age, race, gender, disability, and retaliation.

2. Plaintiff further brings this action against Defendants and seeks damages and redress for injuries suffered in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000 *et seq*. (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*., as amended by the ADA Amendments Act (ADAAA), Pub .L. No. 110-325, § 2(b)(1); Age Discrimination in Employment ("ADEA"), 29 U.S.C.A § 621 *et seq*.; N.Y. Exec. Law § 290, *et seq.,* (known as the "New York State Human Rights Law," and hereinafter referred to as the "NYSHRL") and the New York City Administrative Code § 8-101, *et seq.,* (known as the "New York City Human Rights Law," and hereinafter referred to as the "NYCHRL"), based on age, gender, race, perceived and actual disability discrimination and for failure to provide a reasonable accommodation to Plaintiff, aiding and abetting, retaliation, and infliction of emotional distress.

3. Plaintiff seeks compensatory and punitive damages, liquidated damages, attorneys' fees and expenses and costs of suit, including expert fees incurred by this lawsuit, and other appropriate relief.

4. Plaintiff demands a jury trial.

1

Case 1:21-cv-01965-MKB-PK    Document 1-1    Filed 04/12/21    Page 4 of 23 PageID #: 11

## JURISDICTION AND VENUE

5.    Jurisdiction in this action is based on New York's Civil Practice Law and Rules
("CPLR") §§301 and 302.

6.    Venue is proper in this Court pursuant to New York Civil Practice Laws and Rules
("CPLR") §503 because Plaintiff resides in Brooklyn, New York.

7.    This Court may assert concurrent jurisdiction over Plaintiff's federal claims.

8.    This Complaint is additionally brought pursuant to any other cause of action which can be
inferred from the facts set forth herein.

## THE PARTIES

9.    Plaintiff is an individual and resident of the State of New York.  Plaintiff resides in
Brooklyn, New York.

10.    At all relevant times, Defendant JetBlue Airways Corporation ("JetBlue"), is a corporation
duly existing under the laws of the State of New York and is authorized to do business in
the State of New York; and has its principal place of business at 27-01 Queens Plaza North,
Long Island City, New York 11101.

11.    Upon information and belief, JetBlue is an airline and the seventh largest airline in the
United States by passengers carried.   In 2019 JetBlue ranked #399 financially on
the Fortune 500 list of the largest United States corporations by total revenue. JetBlue
operates over 1,000 flights daily and serves 100 domestic and international network
destinations in the U.S., Mexico, the Caribbean, Central America and South America.

12.    At all relevant times, Plaintiff was and is a person with the meaning of the NYSHRL,
NYCHRL, and all applicable statutes and laws.

13.    At all relevant times, Plaintiff met the definition of an "employee" or "eligible employee"
under all applicable statutes and laws.

14.    At all relevant times, Defendants were and are employers with the meaning of the
NYSHRL, NYCHRL, and all applicable statutes and laws.

15.    During the course of Plaintiff's employment, JetBlue controlled the entire manner and
means by which Plaintiff completed his employment duties at JetBlue.

16.    During the course of Plaintiff's employment, JetBlue exercised control over Plaintiff as his
employer in that it had power to hire, fire, promote and/or discipline Plaintiff.

17.    During the course of Plaintiff's employment, JetBlue exercised control over Plaintiff in
that it created and maintained employment records related to Plaintiff's employment and
his responsibilities as an employee of JetBlue.

2

18.   Upon information and belief, Defendant Frank Ayala ("Ayala"), is an individual who resides in the State of New York.

19.   Upon information and belief, Ayala was and is employed by JetBlue.

20.   Upon information and belief, Ayala was and is an employee or agent of JetBlue.

21.   Upon information and belief, at all relevant times, Ayala was a Manager at JetBlue.

22.   At all relevant times, Ayala had managerial and/or supervisory responsibilities.

23.   Upon information and belief, Ayala worked in the position of Manager, Drug & Alcohol Compliance for JetBlue at all relevant times.

24.   At all relevant times, Ayala had supervisory authority over Plaintiff with regard to his employment.

25.   At all relevant times to the Complaint, Ayala had authority to hire and fire employees at JetBlue.

26.   At all relevant times, Ayala exercised control over Plaintiff regarding his employment.

27.   Upon information and belief, Defendant Warren Green ("Green"), is an individual who resides in the State of New York.

28.   Upon information and belief, Green was and is employed by JetBlue.

29.   Upon information and belief, Green was and is an employee or agent of JetBlue.

30.   Upon information and belief, at all relevant times, Green was a Manager at JetBlue.

31.   At all relevant times, Green had managerial and/or supervisory responsibilities.

32.   At all relevant times, Green worked for JetBlue as the Manager of Ground Operations.

33.   At all relevant times, Green had supervisory authority over Plaintiff with regard to his employment.

34.   At all relevant times to the Complaint, Green had authority to hire and fire employees at JetBlue.

35.   At all relevant times, Green exercised control over Plaintiff regarding his employment.

## ADMINISTRATIVE FILING

36.   Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 24, 2020.

37.   On or about August 27, 2020, Plaintiff received a Notice of Right to Sue from the EEOC. See Exhibit A.

Case 1:21-cv-01965-MKB-PK  Document 1-1  Filed 04/12/21  Page 6 of 23 PageID #: 13

38.   Plaintiff commenced this action within 90 days of receipt of Notice of Right Sue Letter from EEOC.

39.   Pursuant to New York City Administrative Code § 8-502(c), a copy of this Complaint is being served upon the New York City Human Rights Commission and Corporation Counsel of the City of New York.

## STATEMENT OF THE CASE

40.   Plaintiff is a 62 years old African American male.

41.   Plaintiff has worked since the age of 20 his whole adult life and is not ready to retire.

42.   Plaintiff has a disability.

43.   At all times relevant to the Complaint and for over 30 years, Plaintiff suffers from ***asthma.***

44.   On or about October 9, 2007, Plaintiff was hired by JetBlue as a Ground Operations employee.

45.   Some of Plaintiff's responsibilities included off loading and uploading bags and luggage onto and off the aircrafts, working in the bag room, and lavatory and water services.

46.   At all relevant times, Plaintiff was qualified to (and did) perform the essential functions of his position.

47.   While working at JetBlue, Plaintiff's work performance was satisfactory and at times, exemplary.

48.   Plaintiff was recognized and celebrated by his employer, JetBlue, for his work performance.

49.   In 2017, 2018, 2019, Plaintiff was given JetBlue's Lift Awards for his work performance. These awards are given to employees for doing an exceptional job.

50.   Plaintiff takes pride in his work history at JetBlue and overall work performance. Prior to his wrongful termination, Plaintiff never received any warnings or suspensions, to the contrary Plaintiff readily assisted other employees and volunteered for duties and responsibilities requested by some of his supervisors and managers.

51.   On October 15, 2019, Plaintiff was working in the bag room handling the bags on Belt #4.

52.   On October 15, 2019, around 10pm while Plaintiff was driving out of the bag room to deliver the bags to the aircraft, one of the doors of the bag room malfunctioned on Belt #4.

53.   Immediately, Plaintiff called Loudes Torres, an employee of JetBlue and Supervisor of Ground Operations, to report the incident.

54.   Thereafter, around 10:30 pm on October 15, 2019, Harold Pettiton ("Pettiton"), an employee of JetBlue and Supervisor of Safety, met with Plaintiff and took him to his office.

4

55.  Pettiton informed the Plaintiff that he had to take a drug test in compliance with JetBlue's drug testing policies and procedures.

56.  Pettiton further informed Plaintiff that he would call to have someone to come and administer the test.

57.  Plaintiff informed Pettiton that he did not drink any alcohol or use any drugs.  The door for the bag room simply malfunctioned.

58   Plaintiff waited patiently.  Around 11:15pm on October 15, 2019, Joyce Lall ("Lall") arrived to perform the drug test.

59.  Upon information and belief, Lall is an employee, contractor, independent contractor, and/or agent of JetBlue.

60.  Lall informed Plaintiff that she was there to administer his drug test.

61   Lall requested that Plaintiff take a Breathing Test.  Plaintiff believed the test to be a "breathalyzer".

62.  Plaintiff fully complied.  However, Plaintiff had difficulty blowing into the breathalyzer.

63.  Plaintiff informed Joyce Lall, the drug test administer, that he was asthmatic.

64.  Plaintiff further informed Lall that he was having difficulty breathing due to his asthma and he was scheduled to have surgery the next day on October 16, 2019.

65.  Plaintiff further informed Lall during the breathing test that his chest was tightening.

66.  Plaintiff was also coughing during the breathing test.

67.  Lall performed the test two (2) times, but because of Plaintiff's asthma he had difficulty blowing enough air from his lungs into the breathalyzer.

68.  After the second attempt, Lall called Frank Ayala ("Ayala"), Manager, Drug & Alcohol Compliance for JetBlue.

69.  Plaintiff informed Ayala that he did not use alcohol or any illegal drugs.  He was asthmatic.

70.  Upon information and belief, Ayala told Lall that she had to administer the breathing test three (3) times.

71.  Lall asked Plaintiff to take the breathing test again.  Although Plaintiff fully complied and made every best effort, due to his asthma, had difficulty blowing enough air from his lungs into the breathalyzer.

72.  After taking the breathing test three (3) times, Lall then requested that Plaintiff take a urine test.

73.  **The urine test came back negative**.

5

Case 1:21-cv-01965-MKB-PK   Document 1-1   Filed 04/12/21   Page 8 of 23 PageID #: 15

74.  On October 15, 2019, despite the urine test coming back negative, Ayala immediately suspended Plaintiff.

75.  Plaintiff was advised by Ayala that he should not report back to work until further notice.

76.  Ayala informed Plaintiff that he would have to take a shy lung examination and Ayala would contact him with information regarding where and when to take the shy lung exam.

77.  Plaintiff underwent outpatient surgery on October 16, 2019.

78.  On or about October 22, 2019, Ayala informed Plaintiff to make an appointment at the Concentra Newark New Jersey clinic for a shy lung exam.

79.  As instructed Plaintiff expeditiously make an appointment with the Concentra Newark New Jersey Clinic.

80.  Upon information and belief, Concentra Newark New Jersey Clinic conducts alcohol and drug testing for JetBlue.

81.  Upon information and belief, Concentra Newark New Jersey Clinic has a contract or agreement to administer alcohol and drug testing for JetBlue.

82.  Upon information and belief, Concentra Newark New Jersey Clinic conducts medical examinations of JetBlue employees for JetBlue.

83.  Upon information and belief, Concentra Newark New Jersey Clinic has a contract or agreement to provide medical care or perform medical examinations or medical reviews of JetBlue employees for JetBlue.

84.  On October 24, 2019, Plaintiff went to his appointment at Concentra Newark New Jersey Clinic.

85.  Upon information and belief, a staff member of Concentra Newark New Jersey Clinic called JetBlue to confirm that Plaintiff was sent there by the company to take a shy lung exam.

86.  Plaintiff waited over an hour to be seen by the medical professional at Concentra Newark New Jersey Clinic.

87.  Plaintiff waited patiently knowing the importance of the examination and being in full compliance with the directives of JetBlue and Frank Ayala.

88.  Plaintiff gave the doctor at the Concentra Newark New Jersey Clinic medical documentation from his medical doctor and surgeon advising of his asthma and surgery for severe nasal/sinus polyps week prior to the appointment.

89.  During the examination, Plaintiff also told the examining doctor, Dr. Patel, that he had asthma and underwent surgery on October 16, 2019.

6

90. Upon information and belief, Concentra Newark New Jersey Clinic and Dr. Patel failed to perform the drug test and medical examination in keeping with relevant professional standards. They owed a duty of reasonable care to the Plaintiff.

91 Dr. Patel told Plaintiff that she would only give her report to JetBlue because they were the ones paying her.

92 Plaintiff was fully cooperative and completely complied with the medical examination.

93. Plaintiff never refused to participate or take any drug test or medical exam.

94. Contrarily, Plaintiff diligently followed every request, order, and policy of the Defendants.

95. Plaintiff's requests for his medical condition to be taken into consideration was disregarded and ignored.

96. Plaintiff's medical evidence of his disability was ignored.

97. Via letter dated October 22, 2019, Plaintiff's medical doctor certified that Plaintiff had been under medical care for asthma for the past thirty (30) years. At least twice, Plaintiff had to be incubated for acute bronchial asthma, once at Caledonian Hospital and at the Brooklyn Hospital. The letter provided Plaintiff's doctor's name, contact information, and times of availability and even included her pager number.

98. Via letter dated October 23, 2019, Plaintiff's medical surgeon noted that Plaintiff was under his care for severe nasal/sinus polyps.  Due to Plaintiff's condition he was unable to complete the Breathing Test administered to him on October 15, 2019.

99. Upon information and belief, Defendants never contacted Plaintiff's doctors despite knowledge of his medical condition.

100. On or about October 27, 2019, Ayala called Plaintiff and informed him that he was going to be terminated and to expect a call from one of his supervisors.

101. Plaintiff again expressed to Ayala that he did not use alcohol or any illegal drugs and had difficulty breathing due to his asthma and if anything can be done such as taking the test again or different test.

102. Plaintiff requested a reasonable accommodation.

103. Plaintiff has a physical impairment that substantially limits one or more major life activities.

104. Plaintiff has a record of a substantially limiting impairment and was regarded as being disable.

105. Plaintiff's impairment constitutes a disability under all applicable laws.

7

106. Plaintiff's request for a reasonable accommodation was ignored.

107. Plaintiff's disability was used against him resulting in the loss of his livelihood.

108. On or about October 28, 2019, Plaintiff received a call from Warren Green, Manager of Ground Operations, and Plaintiff's supervisor. Green informed Plaintiff that he was going to be fired.

109. Plaintiff once again explained what happened on October 15, 2019 while he was working. He explained that the bag room door malfunctioned. He did not use any alcohol or illegal drugs. He actually has no history of drug abuse. He is asthmatic. It is a medical condition he has but he was able to perform all the essential duties of his job. He explained that he had trouble breathing into the "breathalyzer" due to his asthma and other medical ailments.

110. Plaintiff expressed to Green that he can not afford to have his job taken away from him and if he could remedy or take any actions or steps in order for him to remain working at JetBlue.

111. Plaintiff asked Green if he could re-consider his termination because he did not do anything wrong. Plaintiff requested that Green take his medical condition into consideration.

112. Plaintiff was requesting that Green provide a reasonable accommodation.

113. Green noted that there will be no change in the decision and Plaintiff will be terminated.

114. After his conversation with Green, Plaintiff continue to seek out help and corrective action within JetBlue.

115. Plaintiff engaged in this protected activity because he hoped that someone within JetBlue would protect his rights. Plaintiff is an African American male who is a senior citizen with a disability who was being falsely accused of alcohol and illegal use and going to lose his job.

116. Plaintiff is a member of the protected class pursuant to all applicable and relevant statutes and laws.

117. On or about October 29, 2019, Plaintiff sent an email to peopledept@jetblue.com, crewrelationsjfk@jetblue.com,jfkgrounds.mgrs@jetble.com,and Jessica.detcher@jetblue.com further informing them that: "On 10/5 … a breatherlizer was administered, but the results came insufficient on the three occasions, then a urine test was administered which came back negative. At the of the breath test, I informed Ms. Joyce that I am asthmatic and I was going to have surgery to remove nasal polyps on 10/16. During the breath test my chest began to tighten on me where I started to cough continuously."

118. Plaintiff's email on or about October 29, 2019, further stated that his doctors provided letters indicating his medical condition along with their contact information but his information and medical documentation was ignored and not taken into consideration.

8

Case 1:21-cv-01965-MKB-PK   Document 1-1   Filed 04/12/21   Page 11 of 23 PageID #: 18

119.  Despite various accommodations that could have been provided to Plaintiff, Defendants denied and failed to provide Plaintiff with a reasonable accommodation.

120.  Effective November 1, 2019, Plaintiff was terminated from JetBlue for Violation of Company policy.

121.  Plaintiff received a letter dated November 7, 2019 from JetBlue and signed by Olga Mercedes, Program Manager, Drug & Alcohol Compliance, stating "Recently you participated in a drug and/or alcohol test in accordance with the JetBlue Airways drug and alcohol compliance program. As you are aware, a physician's review could not establish a valid medical reason for your inability to provide a sufficient breath sample. This is considered a refusal to test…."   The letter further provided contact information for a Substance Abuse Professional.

122.  Plaintiff did not violate any of the Company's polices, rules, or procedures.

123.  Plaintiff never refused to take a drug test.

124.  Defendants were informed and aware of Plaintiff's disability.

125.  Plaintiff does and did not have a history of alcohol or drug abuse.

126.  Plaintiff has never been an abuser of drugs or alcohol.

127.  Defendants were aware that Plaintiff was having trouble breathing and had asthma.

128.  Plaintiff's urine test indicated that he was *not* intoxicated or under the influence of alcohol or any drugs.

129.  Plaintiff's age, race, disability and gender were factors in Defendants' decision to require further drug testing.

130.  Plaintiff's age, race, disability and gender were factors in Plaintiff's termination.

131.  Plaintiff was discriminated against because of his disability.

132.  Plaintiff was terminated because of his actual and/or perceived disability.

133.  Plaintiff was also discriminated against because of his race, age, and gender.

134.  Upon information and belief, other JetBlue employees who were subjected to a urine tests and results were negative were not terminated or subjected to disciplinary actions.

135.  Plaintiff was treated differently because he is an African American male.

136.  Despite the fact that Plaintiff's urine test was **negative** and there was no evidence of alcohol or drug abuse, Plaintiff was targeted, treated differently than other employees, singled-out,

9

humiliated, and accused of alcohol and/or illegal drug use because of his age, race, gender and disability.

137.   On October 15, 2019, while turning in his employment credentials, Plaintiff was told by other Supervisors that they never heard of an employee being terminated with a negative "pee" result. Don't worry you will be back.

138.   Ayala and Green participated in the conduct giving rise to the Plaintiff's discrimination claims based on age, race, gender, and disability.

139.   Ayala and Green aided, abetted, incited, compelled and/or coerced the acts against the Plaintiff forbidden by applicable laws and is therefore individually liable for his discriminatory treatment against Plaintiff.

140.   Defendant Ayala immediately suspended Plaintiff and then Green subsequently fired Plaintiff without any accommodation and being aware of Plaintiff's disability and in retaliation for Plaintiff engaging in protected activity.

141.   Because Plaintiff is an older Black man, Defendants ignore the medical evidence and use his inability to complete the breathalyzer to Defendants' satisfaction as pretext for discrimination.

142.   Upon information and belief, JetBlue did not terminate or reinstated other employees who had use drugs or alcohol.

143.   Despite being aware of his asthma and medical condition, Defendants did not provide Plaintiff with a reasonable accommodation.

144.   Upon information and belief, Defendants did not conduct a proper investigation or redress of any of Plaintiff's cause of actions.

145.   Because Plaintiff is an African American man, Defendants stereotypically and discriminatory labelled him an alcoholic and drug user.

146.   Plaintiff was erroneous and detrimentally accused of being an alcoholic and drug user.

147.   Upon information and belief, Defendants refused him a reasonable accommodation, ignored Plaintiff's claims without a proper investigation and without following their own internal procedures.

148.   JetBlue's Anti-Drug and Alcohol Misuse Prevention Policy Highlights provided to Plaintiff upon employment stated that alcohol tests are done by saliva or breath. Drug tests are done by urine drug collections.

149.   Defendants did not conduct a saliva test.

10

Case 1:21-cv-01965-MKB-PK   Document 1-1   Filed 04/12/21   Page 13 of 23 PageID #: 20

150.    Any reason advanced by Defendants for Plaintiff's termination and suspension is pretext
        for discrimination. Upon information and belief, plaintiff's membership in a protected
        class was the reason for Defendant's discriminatory actions.

151.    Despite no evidence of alcohol and drug test use, Defendant summarily terminated
        Plaintiff.

152.    Plaintiff was qualified to work as an employee at JetBlue and he satisfactorily performed
        the duties required by the position he held at JetBlue.

153.    At the time Defendant terminated Plaintiff's employment, Plaintiff was a qualified
        individual with an actual and/or perceived disability as defined by ADA, NYSHRL and
        NYCHRL who was able to perform the essential functions of his position in a reasonable
        manner with or without reasonable accommodation.

154.    Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

155.    As result of Defendants' actions, Plaintiff is extremely humiliated, degraded, victimized,
        embarrassed, and emotionally distressed.

156.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will
        continue to suffer the loss of income, the loss of salary, benefits, and other compensation,
        which employments affords and entails. Plaintiff has also suffered future pecuniary losses,
        emotional pain, suffering, inconvenience, and other non-pecuniary losses.

157.    As Defendants' conduct has been malicious, willful, outrageous, and conducted with full
        knowledge of the law, Plaintiff demands punitive damages against the Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII
### (Against Defendant JetBlue)

158.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above
        paragraphs of the Complaint as if fully set forth herein at length.

159.    Title VII states in relevant part as follows: Sec. 2000e-2. Section 703 (a) Employer
        practices. It shall be an unlawful employment practice for an employer – (1) to fail or refuse
        to hire or to discharge any individual, or otherwise to discriminate against any individual
        with respect to his compensation, terms, conditions, privileges of employment, because of
        such individual's race, color, sex, or national origin.….

160.    Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et
        seq., by allowing race and sex/gender discrimination, harassment and causing a hostile work
        environment.

161.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will
        continue to suffer damages in an amount to be proven at trial.

11

Case 1:21-cv-01965-MKB-PK   Document 1-1   Filed 04/12/21   Page 14 of 23 PageID #: 21

## AS AND FOR A SECOND CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII
### (Against Defendant JetBlue)

162.  Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

163.  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to… discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this subchapter."

164.  Defendant JetBlue engaged in unlawful employment practice prohibited by 42 U.S.C. § 2000 et seq. by retaliating against Plaintiff with respect to the terms, conditions, or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendant and engaging in protected activity.

165.  As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
## DISCRIMINATION UNDER ADEA
### (Against Defendant JetBlue)

166.  Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

167.  The ADEA prohibits age discrimination in employment. Sec. 623 [Section 4] states "(a) Employment practices… It shall be unlawful for an employer – (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

168.  Defendant JetBlue engaged in unlawful employment practice prohibited by 29 U.S.C.A § 621 et seq. by adversely affecting Plaintiff's terms, conditions, or privileges of employment and discriminating against Plaintiff because of his age.

169.  JetBlue took adverse action against Plaintiff because of his age.

170.  As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
## DISCRIMINATION UNDER NEW YORK STATE LAW
### (Against All Defendants)

12

Case 1:21-cv-01965-MKB-PK   Document 1-1   Filed 04/12/21   Page 15 of 23 PageID #: 22

171.  Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

172.  Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer … because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual , to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

173.  Defendants engaged in an unlawful discriminatory practice by discrimination against Plaintiff through race, gender, age, disability discrimination and causing a hostile work environment.

174.  Plaintiff hereby makes a claim against Defendants under all of the relevant paragraphs of New York Executive Law § 296.

175.  As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION
### DISCRIMINATION UNDER NEW YORK STATE LAW
### (Against All Defendants)

176.  Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

177.  New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel, or coerce the doing of any acts forbidden under this article or attempt to do so."

178.  Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296(6) by aiding and abetting, inciting, compelling and coercing the discriminatory conduct as stated herein.

179.  As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION
### DISCRIMINATION UNDER NEW YORK STATE LAW
### (Against All Defendants)

180.  Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

181.  New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

13

Case 1:21-cv-01965-MKB-PK   Document 1-1   Filed 04/12/21   Page 16 of 23 PageID #: 23

182.    Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

183.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

184.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

185.    The Administrative Code of City of NY § 8-107(1) provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, condition or privileges of employment."

186.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his gender, race, age, and disability and creating a hostile work environment.

187.    Plaintiff hereby makes claims against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

188.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

189.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

190.    The Administrative Code of City of NY § 8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer… to discharge…or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…."

191.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(1)(e) by discriminating against Plaintiff because of his opposition to the unlawful employment practices of Plaintiff's employer and engaging in protected activity.

14

192. Plaintiff hereby makes claims against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

193. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## AS AND FOR AN NINTH CAUSE OF ACTION
## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

194. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

195. The New York City Administrative Code Title 8, § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

196. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

197. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## AS AND FOR AN TENTH CAUSE OF ACTION
## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

198. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

199. The New York City Administrative Code Title 8, § 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

200. Defendants violated the above section as set forth herein.

201. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

202. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

15

203.   Section 8-107(13) entitled: Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

    a.   An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivision one or two of this section.

    b.   An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section where:

        i.   the employee or agent exercised managerial or supervisory responsibility; or

        ii.   the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

        iii.   the employer should have known of the employee's or agent's discriminatory conduct   and failed to exercise reasonable diligence to prevent such discriminatory conduct.

204.   Defendants violated the above section as set forth herein.

205.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### AS AND FOR AN TWELFTH CAUSE OF ACTION
### DISCRIMINATION UNDER THE ADA
**(Against Defendant JetBlue)**

206.   Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

207.   The Americans with Disabilities Act (ADA) prohibits employers from discriminating against persons with disabilities.

208.   Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 12101 et seq., by discriminating against and terminating Plaintiff because of his disability.

209.   The conduct described above constituted unlawful discrimination against Plaintiff in violation of his rights under the ADA.

210.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### AS AND FOR AN THIRTEENTH CAUSE OF ACTION
### DISCRIMINATION UNDER THE ADA
*(Hostile Work Environment)*
**(Against Defendant JetBlue)**

16

211. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

212. Defendant created a hostile environment in violation of Plaintiff's rights under the ADA.

213. The discriminatory conduct described above was sufficiently severe and/or pervasive as to alter the conditions of Plaintiff's employment and create an abusive working environment in violation of Plaintiff's rights under the ADA by which Plaintiff was made to feel as if his disability or perceived disability made him unemployable at JetBlue and egregiously lead to believe that because he was asthmatic, he was incapable of performing a job he had been capably performing. Moreover, Plaintiff was erroneous and detrimentally labeled an acholic and drug user.

214. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### AS AND FOR AN FOURTEENTH CAUSE OF ACTION
### DISCRIMINATION UNDER THE ADA
#### *(Retaliation)*
#### (Against Defendant JetBlue)

215. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

216. The ADA prohibits discrimination against an individual who has opposed any act or practice made unlawful by ADA or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under ADA.

217. In retaliation for Plaintiff's objections about their unlawful actions and engagement in protected activity, Defendant has tarnished Plaintiffs reputation by accusing him of drug use on the job and otherwise adversely attacked his character.

218. In retaliation for Plaintiff's objections about their unlawful actions and engagement in protected activity, Defendant has damaged Plaintiff's ability to find employment by falsely accusing him of alcoholism and drug use while on the job.

219. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### AS AND FOR AN FIFTHTEENTH CAUSE OF ACTION
### DISCRIMINATION UNDER THE ADA
#### *(Failure to Accommodate)*
#### (Against Defendant JetBlue)

220. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

17

221. The ADA prohibits discrimination against a qualified individual with a disability and requires the employer to provide a reasonable accommodation an employee with a disability.

222. Defendant violated the ADA by subjecting Plaintiff to harassment and disparate treatment because of his disability and/or perceived disability, including subjecting him to harassing and disparaging comments and labeling him an alcoholic and/or drug abuser.

223. Defendant also denied and failed Plaintiff a reasonable accommodation.

224. Plaintiff has suffered damages as a result of Defendant's unlawful acts.

225. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### AS AND FOR AN SIXTEENTH CAUSE OF ACTION
### *(Negligent and Intentional Infliction of Emotional Distress)*
### (Against All Defendants)

226. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of the Complaint as if fully set forth herein at length.

227. The conduct described above was extreme and outrageous and severely affected Plaintiff's sense of self and emotional well-being. The Defendants engaged in the aforesaid conduct with the intent to cause severe emotional distress and/or in disregard of a substantial risk of doing so. They knew or should have known that their conduct would cause Plaintiff emotional distress and it did in fact do so.

228. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff demands that judgment be entered in his favor and that the Court order and award Plaintiff the following relief against Defendants:

(a) Damages in the form of back pay with interest based on Plaintiffs appropriate compensation had his rights had not been violated and he had not been discriminated against;

(b) Compensatory damages for his emotional pain and suffering, mental anguish, distress, humiliation, and loss of reputation in an amount to be determined at trial;

(c) Punitive damages in an amount to be determined at trial;

(d) Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii) and all other applicable law(s);

(e) Attorneys' fees;

18

(f) Costs and disbursements;

(g) Interest;

(h) A declaratory judgment that the practices complained of herein are unlawful under New York State and New York City laws;

(i) Appropriate equitable and injunctive relief to remedy Defendants' violations of New York law, including but not limited to, an order enjoining Defendants from continuing their unlawful practices; and

(j) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
November 24, 2020

Respectfully submitted,

Law Office of Tisha Jackson

By: _____

Tisha Jackson, Esq.
1115 Broadway, 12th Floor
New York, New York 10010
Tel: 212-710-2651
Email:jacksonlawnyc@gmail.com

19

Case 1:21-cv-01965-MKB-PK   Document 1-1   Filed 04/12/21   Page 22 of 23 PageID #: 29

# EXHIBIT A

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Roy Weekes<br>3620 Avenue J<br>Brooklyn, NY 11210 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2020-05048 | **Perry Canales,**<br>**Supervisory Investigator** | **(929) 506-5318** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

Perry A, Canales

On Behalf of the Commission

Digitally signed by Perry A Canales
Employment Opportunity Commission,
ou=New York District Office,
email=perry.canales@eeoc.gov, c=US
Date: 2020.08.27 11:23:07 -04'00'

For

8/27/2020

Enclosures(s)

**Judy A. Keenan,**
**District Director**

*(Date Mailed)*

cc:

**JET BLUE**
**27-01 Queens Plaza North**
**Long Island City, NY 11101**