

Raymond J. Berti

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

D: 212 259 6421
T: 212 880 3800
F: 212 880 8965
DirF: 212 905 6454
raymond.berti@akerman.com

August 30, 2023

**VIA ECF**

Magistrate Judge Peggy Kuo
United Stated District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Roy Weekes v. JetBlue Airways Corporation, et al.</u>
            <u>Case Number: 1:21-cv-01965               </u>

Dear Judge Kuo:

       My office represents Defendants JetBlue Airways Corporation, Frank Ayala, and Warren Green ("Mr. Green") (together, "Defendants"), and I write in response to Plaintiff Roy Weekes's ("Plaintiff") letter-motion dated August 30, 2023, in which Plaintiff's counsel requests an extension of the discovery deadline from September 1, 2023, to September 13, 2023, to conduct a cross-examination of her own client. *See* ECF No. 44. Defendants oppose Plaintiff's letter-motion and respectfully request that the Court re-affirm the September 1st fact discovery deadline for two key reasons.

       ***First***, Plaintiff's letter-motion should be denied because he has failed to establish "good cause" to extend the discovery deadline. *See, e.g.*, *Residential Fences Corp. v. Rhino Blades, Inc.*, No. 14-CV-2552, 2016 WL 11797529, at *1 (E.D.N.Y. Oct. 20, 2016) (explaining that "good cause" is required to extend discovery deadlines). Specifically, Plaintiff's counsel is requesting an extension of the discovery deadline in order to depose her own client via cross-examination. However, as discussed with Plaintiff's counsel during our telephonic meet-and-confer this afternoon, this process is entirely unnecessary.[1] For instance, to the extent Plaintiff's deposition

---

[1]     As explained to Plaintiff's counsel earlier today, Defendants do not see any reason to expend more time and expense in continuing Plaintiff's deposition, even though they did leave his August 2nd deposition open for more questioning at the end of that day. Indeed, recent deposition testimony (including Plaintiff's own) and other recently exchanged discovery has revealed that, at the close of two-and-a-half years of litigation, there is no factual or legal basis to any of Plaintiff's claims other than, at best, his failure-to-accommodate claims. Accordingly, on August 29, 2023, Defendants served a detailed letter to Plaintiff, with citations to record evidence and applicable case law, requesting Plaintiff's voluntary dismissal of (1) his claims against Mr. Green (who undisputedly had no involvement in this case other than to make the phone call to Plaintiff to inform him that his employment with JetBlue had been terminated); (2) his discrimination claims against all Defendants to the extent based on a disparate treatment or hostile-work environment theory (Plaintiff himself testified that he was not subjected to a hostile-work environment, did not have any reason to believe that any of the Defendants held discriminatory animus against him, and brought this action

akerman.com

testimony needs to be corrected or revised, it can be done via an errata sheet pursuant to Fed. R. Civ. P. 30(e)(1). Moreover, Plaintiff is free to supplement his deposition testimony via sworn affidavit, which is certainly a less time-consuming and costly solution than a deposition – as well as a more convenient one for all parties. Accordingly, Defendants' proposal was an efficient one consistent with Fed. R. Civ. P. 1's directive to "secure the just, speedy, and inexpensive determination of every action and proceeding," and it would cause no prejudice to Plaintiff whatsoever. Indeed, Plaintiff's counsel obviously has open access to her client; she is not being denied access to any information or other discovery whatsoever. Tellingly, during this call, Plaintiff's counsel was unable or unwilling to articulate why these alternatives would not suffice or how they would cause her client any prejudice.

Now, in the letter-motion, Plaintiff's counsel asserts that Plaintiff will be prejudiced because he "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." See ECF No. 44 (citing *Golden v. Merrill Lynch & Co.*, No. 06-CV-2970, 2007 WL 4299443, at *9 (S.D.N.Y. Dec. 6, 2007). Taken at face value, this argument is remarkable; Plaintiff's counsel appears to be admitting that she intends to use the cross-examination of her client as an opportunity to have him contradict the direct deposition testimony he recently gave on August 2, 2023 in order to improperly manufacture a dispute of fact. Reading the letter-motion more generously, Plaintiff's counsel appears to be concerned that supplementing Plaintiff's testimony via sworn affidavit is *per se* improper. Plaintiff's counsel is mistaken. It is well established that parties are welcome to introduce additional testimony via sworn affidavit at the summary judgment stage; they are simply prohibited from introducing "sham affidavits" that contradict prior deposition testimony and/or are otherwise designed to manufacture a factual dispute where one does not genuinely exist. *See, e.g.*, *Fed. Deposit Ins. Corp. v. Murex LLC*, 500 F. Supp. 3d 76, 94-95 (S.D.N.Y. 2020) (explaining that the "sham affidavit" doctrine does not apply (1) "where the subsequent sworn statement either does not actually contradict the affiant's prior testimony or 'addresses an issue that was not, or was not thoroughly, explored in the deposition' "; and (2) where the deposition testimony at issue "is contradicted by evidence other than the deponent's subsequent affidavit."). Accordingly, unless Plaintiff intends on directly contradicting his deposition testimony in an improper effort to survive summary judgment, there is no need for concern here.

**Second**, Plaintiff's letter-motion should be denied because Plaintiff's counsel did not meet and confer with me before filing it in accordance with Local Rule 37.3(a) and Section VI(A)(1)(a) of Your Honor's Individual Practice Rules. *See, e.g.*, *Baez Duran v. E L G Parking Inc.*, No. 18-CIV-6685, 2021 WL 1338982, at *2 (S.D.N.Y. Apr. 9, 2021) ("[I]t is well established that the failure to meet and confer prior to filing a discovery motion can be fatal to a party's application.")

---

because he believes that Defendants should have "helped" him by excusing his purported inability to blow into an alcohol breathalyzer test following an on-the-job accident and returning him to work – which is fundamentally a failure-to-accommodate claim rather than a traditional discrimination claim); and (3) his retaliation claims against all Defendants on similar grounds (specifically, the complete absence of any record evidence of retaliatory animus or pretext, meaning that Plaintiff cannot even state a *prima facie* case under the familiar *McDonnell Douglas* framework). In sum, it is clear that Plaintiff's theory of liability revolves around a failure-to-accommodate claim, and neither the parties nor the Court should be forced to engage in further discovery and/or further litigate extraneous discrimination and retaliation claims that have now been proven to have no factual or legal basis. Defendants are presently awaiting a written response from Plaintiff by September 5th.

(compiling cases). Although we met and conferred telephonically this afternoon at approximately 2:00 p.m. about the necessity of continuing Plaintiff's deposition, Plaintiff's counsel did not indicate that she would be filing the instant letter-motion or otherwise request Defendants' consent to an extension of the discovery deadline. Instead, Plaintiff's counsel indicated that she did not agree with Defendants' arguments, but would take them under advisement and get back to me with Plaintiff's position and how the parties would be proceeding tomorrow. She did not.

Accordingly, later this afternoon and into the evening I called and left Plaintiff's counsel a voice message and sent her a series of e-mails respectfully requesting an update and explicitly indicating that "I am open to continuing the deposition tomorrow if you can explain why, in non-conclusory terms, you believe Plaintiff will be prejudiced by its cancellation; or if you cite persuasive authority that shows that its cancellation will result in the violation of a right." Plaintiff did not respond to any of these messages. Instead, she simply filed the instant letter-motion – which itself violated Section VI(A)(1)(b) of Your Honor's Individual Practice Rules, which requires the parties to submit a joint letter to the Court regarding discovery disputes. Indeed, it is conceivable that this matter could have been resolved without seeking judicial intervention, but Plaintiff's counsel refused to meaningfully meet and confer before doing so.

Finally, and relatedly, it bears observing that Plaintiff's counsel is well aware both from recent written communications (including an e-mail sent at 11:48 a.m. this very morning) and prior telephonic discussions that I will be out of the country from September 1st through September 10th for a long-planned vacation; this is why, back in July, the parties previously agreed to a September 1st discovery deadline. *See* ECF No. 42. Accordingly, Plaintiff's counsel understands that, if the letter-motion is granted and discovery extended from September 1st to September 13th so that she can cross-examine her own client, I will very likely be unable to attend that examination.

In sum, Defendants respectfully submit that (1) Plaintiff's letter-motion should be denied on both substantive and procedural grounds; and (2) the September 1st fact discovery deadline should be affirmed. Defendants appreciate Your Honor's time and consideration to this matter.

> Respectfully Submitted,
>
> */s/ Raymond J. Berti*
> Raymond J. Berti